NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

## TAX COURT OF NEW JERSEY



**Mala Sundar**
 **JUDGE**

R.J. Hughes Justice Complex
 P.O. Box 975
25 Market Street
Trenton, New Jersey 08625
Telephone (609) 815-2922
TeleFax:   (609) 376-3018
taxcourttrenton2@judiciary.state.nj.us

February 2, 2018

Cheryl Humes, Esq.
Paul Tannenbaum, Esq.
Zipp Tannenbaum Caccavelli, L.L.C.
280 Raritan Center Parkway
Edison, New Jersey 08837

Joseph Palombit, Esq.
Emil Philibosian, Esq.
Hoagland Longo <u>et al.</u>
40 Paterson Street
New Brunswick, New Jersey 08901

> Re: Alansuh L.L.C. v. City of New Brunswick
> Block 19, Lot 5.01 (93 Bayard Street)
> <u>Docket No. 007438-2017</u>

Dear Counsel:

This opinion decides defendant's motion to dismiss the above captioned complaint on grounds plaintiff failed to respond to the tax assessor's request for income and expense information pursuant to <u>N.J.S.A.</u> 54:4-34 (commonly known as Chapter 91) as to the above captioned property ("Subject") located in defendant ("City").  Plaintiff contends that its non-response was because the Chapter 91 request was confusing, and further that the Chapter 91 motion is an affirmative defense, which if not pled affirmatively in an answer, is deemed to have been waived.

The City maintains that its request was far from ambiguous.  As to the affirmative defense argument, the City concedes that seeking a dismissal of a complaint pursuant to Chapter 91 is an

*

affirmative defense, however, argues that since Chapter 91 is jurisdictional it cannot be waived, and further, the court rules governing the Tax Court, specifically, R. 8:7(e), control the procedure to raise a Chapter 91 assertion by a taxing district.

For the reasons following, the court finds that the Chapter 91 request was proper, and the procedural mechanism for asserting a failure to comply with Chapter 91 is controlled only by R. 8:7(e). The court therefore grants the City's motion, subject to plaintiff's right to a reasonableness hearing under Ocean Pines, Ltd. v. Borough of Point Pleasant, 112 N.J. 1 (1988).

**FACTS**

The facts are based on the documents provided in support of the City's assessor's certification. On or about June 1, 2016, the City's assessor mailed by certified mail, return receipt requested, a Chapter 91 request to plaintiff for Income & Expense ("I&E") information for the "last year," or the prior calendar year, or if owner for part of the year, then to so indicate, and provide information for the period of ownership. The mailing was returned to the assessor's office as undeliverable.

Thereafter, the assessor sent another request on August 4, 2016 by certified mail return receipt requested. The cover letter requesting such information was addressed to plaintiff at its address in 1 Risa Benjamin Way, Freehold, New Jersey, 07728. The letter separately referenced the Subject with its street address, block/lot identification, and property class, and sought a response within 45 days of receipt. The cover letter also asked the property owner to contact the assessor's office for "any questions" concerning the Chapter 91 request.

Separately included was a copy of the statute, and the I&E form. The I&E form contained pre-printed information being sought. Part 1 titled "Property Identification" had column-wise pre-printed items. The first column listed "Owner; Property Name (if any) and Address of Property,"

while the second column listed "Lot(s)." The blank area in the first column had a label with this information which did not line up, or align, exactly with the pre-printed information, as follows:

BLOCK- 19 LOT-  5.01
LOCATION- 93 BAYARD ST
QUAL –      CLASS – 4A
ALANSUH, LLC
FREEHOLD, NJ      07728

This mailing was acknowledged as received on or about August 8, 2016. No response was received.

While not disputing receipt of the Chapter 91 request, plaintiff opposed the City's timely filed motion claiming that the request was ambiguous in that the "property" as to which the information was sought was "not clearly identified" since on the I&E statement attached to the request, the "form line" for address showed the property owner's incomplete address since there was no street address, only the township and State. Plaintiff noted that the Subject's address "appears well above the "Address of Property line." The City refuted these claims.

During oral argument, plaintiff, for the first time, argued that the motion should be denied because a Chapter 91 motion is in reality an affirmative defense, therefore, should have been pled with an answer, or deemed waived pursuant to the court rules governing civil practice, i.e., under R. 4:5-4. Here, there was no such pleading, therefore, defendant's Chapter 91 motion must be stricken, denied, or dismissed. Another attorney from plaintiff's counsel's law firm had raised this argument in another case, Fulton Partners L.L.C. v. City of New Brunswick, Dkt. No. 003351-2017. The court then directed the parties to brief the issue. At the court's direction, plaintiff wrote a letter incorporating its arguments in Fulton, and the parties filed briefs, with the same arguments posited in Fulton.

3

**ANALYSIS**

 *(A) Non-Response Due to the Alleged Ambiguity of the Chapter 91 Request*

N.J.S.A. 54:4-34 requires a property owner to "render a full and true account of" the property owner's "name and real property and the income therefrom," if the property is "income-producing." Failure or refusal to respond within 45 days of the Chapter 91 request (i) allows the assessor to reasonably determine the property's "full and fair value" based upon any information he or she has; and (ii) bars the property owner from appealing that assessment. Ibid. The property owner's appeal is then limited to a hearing as to whether the assessment was reasonable in light of the available data and methodology used by the assessor. See Ocean Pines, supra, 112 N.J. at 11. "The whole premise of chapter 91 is that the taxpayer is in control of the income information; using the income information is a good, if not the best, measure of value; and if the taxpayer withholds that information, the municipality has no other choice but to set the assessment without the benefit of income information of the subject property." Carriage Four Associates v. Township of Teaneck., 13 N.J. Tax 172, 177 (Tax 1993).

The statute does not provide any exceptions to, or exemptions from, the response requirement. Rather, it only allows for an extension of time to provide the response. See N.J.S.A. 54:4-34 ("The county board of taxation may impose such terms and conditions for furnishing the requested information where it appears that the owner, for good cause shown, could not furnish the information within the required period of time."). However, under few circumstances, precedent has permitted escaping the consequences of a non-response, such as, for instance, if the property is owner-occupied, i.e. not income-producing, or where the assessor failed to comply with the specific statutory requirements.

4

The most recent pronouncement by the Appellate Division in <u>Waterside Villas Holdings,</u> <u>LLC v. Township of Monroe</u>, 434 <u>N.J. Super.</u> 275 (App. Div.), <u>certif. denied</u>, 217 <u>N.J.</u> 589 (2014) reiterated these narrow exceptions or reasons justifying non-response. However, and more significantly, the court rejected excuses for non-response due to alleged confusion or mistake without the taxpayer's attempt to obtain some clarification in this regard. In that case, the taxpayer claimed its non-response was justified as the Chapter 91 request "was not clear and unequivocal," in that it had to guess the time period for which the assessor sought the I&E information, and further since the reproduced Chapter 91 statute contained typographical errors. The court unequivocally rejected the notion that a property owner faced with what it views as an ambiguous request from an assessor may simply ignore the request and avoid the appeal-preclusion provision of Chapter 91. It held:

> However, where the taxpayer receives a Chapter 91 request that it deems improper in some fashion, it may not simply ignore its statutory obligation to respond. Rather, the taxpayer must take action to challenge the request within the forty-five day statutory time limit, and to put the municipality on notice of its contention. In any event, the taxpayer cannot just sit by and do nothing until the assessment is finalized, as this taxpayer did, and thereafter seek to appeal the assessment by plenary review. Such conduct results in unnecessary expense, time and effort in litigation.
>
> [<u>Id.</u> at 283 (citations, quotations, and internal quotation marks omitted).]

The court cautioned that,

> Refusals on the part of taxpayers to cooperate with local property assessors cannot be tolerated by this court. Legitimate requests for information by assessors to prepare assessments are actions which should be encouraged by this court. Taxpayers frequently complain of local property tax assessors and their work. Here the taxpayer had an opportunity to supply to the assessor information pertinent to the assessor's work. It failed and refused to do so without any explanation, and its attitude in failing to even respond to the assessor's legitimate statutory request is inexcusable.
>
> [<u>Id.</u> at 284 (citations, quotations, and internal quotation marks omitted).]

The court noted that the taxpayer has an affirmative duty to "do something" if it believed the Chapter 91 request to be questionable, and such assertion must be done "before the assessment is imposed." Ibid. (quotation omitted). Thus, "plaintiff's failure to respond in any fashion to the assessor's request precluded plaintiff from asserting a good cause claim." Ibid. (citation and internal quotation marks omitted).[1] The court however, recognized that a non-response may be justified if the "the request is so egregiously ambiguous in its identification of the property or in the instruction to the taxpayer that due process principles are offended." Id. at 284-85, n.3 (citation omitted). The court cautioned, however, that "[w]e expect that such a case would be rare." Ibid.

Here, the court is unpersuaded that the Chapter 91 request was ambiguous simply because the plaintiff's address in the I&E statement was missing the street address (number and street name). The cover letter addressed to plaintiff recited plaintiff's complete street address. Since the I&E statement accompanied that cover letter, plaintiff cannot claim to be confused on grounds its street address was not reproduced in the pre-printed label pasted on the I&E statement. In any event, the I&E statement correctly identified plaintiff. Moreover, the I&E form clearly and properly identified the Subject with its block and lot number and the street address. That the information on the label on Part I of the I&E form did not line up or align perfectly with the pre-printed information as to "Owner" or "Address of Property," does not render the request ambiguous or the Subject's pre-printed identification erroneous. If plaintiff was that confused as to the label's alignment of the Subject's address and its address on the pre-printed I&E form, which

---

[1] The trial court rulings prior to Waterside, supra, and relied upon by plaintiff, also echoed the requirement for a response. Thus, in Cassini v. City of Orange, 16 N.J. Tax 438, 453 (Tax 1997), the court cautioned: "[t]his is not to say that property owners should ignore the Chapter 91 requests, even where they are improper." Further, unlike here, the taxpayer in ML Plainsboro Ltd. Partnership v. Township of Plainsboro, 16 N.J. Tax 250, 254 (App. Div.), certif. denied, 149 N.J. 408 (1997), sent a timely response that its properties were "not income producing."

it appears to be viewing in a vacuum, then it should have contacted the assessor instead of waiting to make this assertion now.

The court does not find the instant Chapter 91 request as containing an ambiguity which is "so egregious[] . . . that due process principles are offended."  A property owner must "do something" in response to an assessor's information request "before the assessment is imposed to avoid the statutory bar to appeal embodied in" the statute.  Id. at 284.  The City's timely filed motion is granted, the court being satisfied that the assessor complied in all respects with N.J.S.A. 54:4-34.

*(B)  Chapter 91 as an Affirmative Defense*

As noted above, the parties incorporated, by reference, their respective arguments in the Fulton matter to this case.  On February 1, 2018, this court issued a letter opinion deciding the issue in Fulton (pending before this court on other grounds).  Since the opinion was unpublished, the court will set forth, in entirety, the arguments and the court's reasoning and conclusion, herein. The only change is to footnote 2 in that opinion, which has been amended here based on the facts of this case.

The parties agree that a claim of failure to respond to a request for income information under Chapter 91 is an affirmative defense.  They part ways as to the procedure in which the "defense" should be raised.  Plaintiff argues that it is no different than any other civil affirmative defense, therefore, must be pled in an answer to its complaint, or deemed waived, as required, and provided, by the Rules Governing Civil Practice (hereinafter "Part IV").  See R. 4:5-4; 4:6-2; 4:6-7; Brown v. Brown, 208 N.J. Super. 372, 384 (App. Div. 1986) ("It is well settled that an affirmative defense is waived if not pleaded or otherwise timely raised.) (citing R 4:6-7).  Plaintiff maintains that it must be put on notice that its complaint may be dismissed because of an alleged

7

non-response to a Chapter 91 request.  Per plaintiff, since an alleged non-compliance to a Chapter

91 request is an affirmative defense, the City must file an answer within 35 days of the service of

the complaint under R. 4:6-1 and specifically plead Chapter 91 violation.  Only if such an answer

is filed with the affirmative defense of the Chapter 91 non-compliance, plaintiff argues, can the

City then move to dismiss the complaint within the time limits set forth in the Rules Governing

Practice in the Tax Court (hereinafter "Part VIII"), specifically, R. 8:7(e).  See e.g. R. 4:6-3.

The City contends that such a reading not only contradicts R. 8:3-2(b) (which allows a

taxing district the option of filing an answer) and R. 8:7(e), but also severely prejudices all taxing

districts, which have thus far relied upon R. 8:7(e) as controlling the practice and procedure for

filing Chapter 91 motions since the rule's inception in 1998.  It also maintains that regardless of

being viewed as an affirmative defense, it cannot be deemed waived because a Chapter 91 violation

is jurisdictional.

The scheme of Part VIII does not permit the conclusion plaintiff desires.  First, while it is

true that Part VIII seeks to emulate, to the extent possible and applicable, Part IV, it is not a

wholesale adoption.  As pointed out,

> The basic scheme of Part VIII is to conform the practice and procedure of the Tax
> Court as nearly as practical to that applicable to all other trial courts in the State
> and yet to retain, insofar as possible, a high degree of expedition in the initiation,
> progress and determination of the matters constituting the business of the Tax
> Court. These rules are also designed to prescribe with particularity the practice of
> the Tax Court in respect of those procedural considerations unique to it. Thus, to a
> large extent the rules of Part IV have been incorporated by reference where
> appropriate, and the implicated rules of general application were also amended to
> include and provide for the Tax Court.
>
> [Pressler & Verniero, Current N.J. Court Rules, comment to R. 8:1 (2018 ed.)
> (emphasis added).]

Those "implicated rules" include rules under Part I ("Rules of General Application") specifically, R. 1:1-1, 1:1-2, 1:2-2, 1:2-4, 1:12-3, 1:30-5, 1:32-1, 1:33-1, 1:34-2, 1:35-1, 1:37-1, 1:37-3), Part II (Rules Governing Appellate Practice), specifically, R. 2:2-3, 2:4-1, and Part IV, specifically, R. 4:1, 4:3-4 and 4:69-1. Pressler & Verniero, supra, comment to R. 8:1.

Rule 4:1, titled "Scope of Rules" similarly states that "[t]he rules in Part IV, insofar as applicable, govern the practice and procedure of civil actions in the . . . the Tax Court except as otherwise provided in . . . Part VIII." See also Pressler & Verniero, supra, comment to R. 4:1 (the general applicability of Part IV is subject to "contrary procedures . . . prescribed by . . . Part VIII").

Pleadings under Part VIII for local property tax assessment complaints are distinctly different from civil pleadings under Part IV. Specifically, while Part IV requires an answer be filed to a complaint, see R. 4:5-1, Part VIII does not so mandate. See R. 8:3-2(b). In contrast, and similar to Part IV, an answer is required for "State Tax Cases." See R. 8:3-2(c). Thus, the requirement under Part IV that a "responsive pleading" such as an answer must "set forth specifically and separately a statement of facts constituting an . . . affirmative defense," see R. 4:5-4, does not abrogate or alter the permissiveness of filing an answer under Part VIII in local property tax cases. If an answer is not required, then a deemed waiver of something required to be pled in an answer is simply not implicated.

It is true that Part VIII also provides that "[if] an answer is filed, it shall conform to the requirements of R. 4:5-3." See R. 8:3-6 (captioned "Answers"). Rule 4:5-3 however, only provides instructions as to the form of an answer, i.e., state a defense to each claim in "short and plain terms," "admit or deny the allegations," assert lack of knowledge or belief in the veracity of the allegation, admit part of an allegation, and specifically deny the "designated allegations or

9

paragraphs." It does not require that the answer include any specific defense. This is provided for separately in R. 4:5-4.

Does the absence of an incorporation of R. 4:5-4 in R. 8:3-6 mean that the former is applicable under the umbrella of the general applicability of Part IV, and by such extension, require a conclusion that something not affirmatively pled should be deemed waived? In this particular scenario, i.e., involving a Chapter 91 assertion, the answer is no. This is because regardless of the general applicability of Part IV, the scheme of Part VIII is "yet to retain, insofar as possible, a high degree of expedition in the initiation, progress and determination of the matters constituting the business of the Tax Court." Pressler & Verniero, supra, comment to R. 8:1 (emphasis added). Similarly, Part VIII rules "are also designed to prescribe with particularity the practice of the Tax Court in respect of those procedural considerations unique to it." Ibid. (emphasis added).

Rule 8:7(e) is precisely one which falls outside of the scope of the general applicability of Part IV as to Chapter 91 assertions by a taxing district. First, the preface to the rule states that while motion practice "shall be governed by the applicable rules in Part I and Part IV," those rules will not apply if "otherwise provided in Part VIII." See R. 8:7(a).

Second, R. 8:7(e) describes "with particularity the practice of the Tax Court" as to the procedure by which a Chapter 91 assertion is made (by motion). It crystalized the practice which had existed as to Chapter 91 motions since 1979. The consequences for a failure to respond to a Chapter 91 request for income-producing properties has been effective since 1979 (L. 1979, c. 91, §1). Since then, the procedural mechanism for asserting a failure to comply with Chapter 91 was by motion as evidenced by precedent. See e.g. Terrace View Gardens v. Township of Dover, 5 N.J. Tax 469, 470 (Tax 1982) aff'd o.b. per curiam, 5 N.J. Tax 475 (App. Div.1983); SAIJ Realty Inc. v. Township of Kearny, 8 N.J. Tax 191, 193 (Tax 1986); Delran Holding Corp. v. Township

10

of Delran, 8 N.J. Tax 80, 81 (Tax 1985); Southgate Realty Assocs. V. Township of Bordentown, 246 N.J. Super. 149, 150 (App. Div. 1991). These cases did not indicate any time limit as to the motion filing, nor a requirement that the same be pled as an affirmative defense in an answer to a complaint. In 1998, R. 8:7(e) was adopted to reduce this practice into a formal procedure to be governed by the court rules because a time limit to file such motions was needed. See Township of Phillipsburg v. ME Realty, L.L.C., 26 N.J. Tax 57, 71 (Tax 2011) ("the commentary of the Supreme Court Committee" indicates that the rule "[s]ets time limitations on municipality's obligation to file [a] motion to dismiss for failure to comply with N.J.S.A. 54:4-34.") (citations and internal quotation marks omitted).

Third, R. 8:7(e) assists the expeditious resolution of cases subject to such motion, a "business of the Tax Court," by imposing short, specific time limits for filing a motion (the earlier of "180 days after the filing of the complaint," or "30 days before the trial date" unless the motion claims that the response was "a false or fraudulent account" as to which the motion can be filed at any time). In Paulison Ave. Assocs. v. City of Passaic, 18 N.J. Tax 101 (Tax 1999), the court explained the salutary purposes of R. 8:7(e). There, the taxing district, which had filed a counterclaim, filed an untimely motion to dismiss the complaint for failure to respond to a concededly valid Chapter 91 request. The court held that the rule "simply imposes on the municipality time limitations for enforcing the statute." Id. at 109. It noted that the time limit in the rule "permits early disposition of the appeal thereby enabling both parties to avoid unnecessary investments of time and expense, including the expense of appraisal reports, and enabling the court to avoid unnecessary expenditure of its time and resources." Id. at 110. The rule thus allowed for an "orderly and expeditious processing and disposition of litigation." Ibid. Additionally, without such time limits, a property owner that had failed to respond to a Chapter 91 request "has no way

11

of knowing whether the municipality will file its motion." Id. at 109. See also Township of Phillipsburg, supra, 26 N.J. Tax at 70-72 (court rules also ascribe to a "plain language" interpretation, thus, the 180-day time limit is triggered from the filing of a complaint by a taxing district, not from the time the taxpayer filed its counterclaim).

For the above reasons, the court rejects plaintiff's argument that compliance with R. 4:5-4 is a mandatory condition precedent to a taxing district's motion under R. 8:7(e).[2] In light of this conclusion, the court finds it unnecessary to address the City's argument that a Chapter 91 violation is jurisdictional, and therefore it cannot be waived. But see Paulison, supra, 18 N.J. Tax at 111-12 (Chapter 91 motions do not deprive the court of subject matter jurisdiction, therefore, the time limits in R. 8:7(e) do not "conflict with the general principle that objections to subject matter jurisdiction may be raised at any time").

Plaintiff claims that without notice of a possible Chapter 91 assertion by a taxing district, it is deprived of its opportunity to conduct discovery in connection with the factual allegations in a Chapter 91 motion (i.e., as to the alleged non-response or a false or fraudulent response). This is because it must complete valuation discovery within 150 days of the filing of the complaint in

---

[2] Although not necessary, in light of the above conclusion, the court is not persuaded that a Chapter 91 assertion is an affirmative defense, in that such a defense acts as a complete bar to plaintiff's claim for relief or cause of action. As noted, a Chapter 91 motion does not "dismiss the appeal in its entirety," since a taxpayer is entitled to a reasonableness hearing. Pressler & Verniero, supra, comment to R. 8:7(e) (citing to Ocean Pines, supra). See also Paulison, supra, 18 N.J. Tax at 111-12 ("A failure to respond to" a Chapter 91 request "does not require a dismissal of an appeal but only a limitation on the scope of the hearing to be held before the Tax Court," thus, the court can "hear the matter, but only on a limited basis."); Township of Phillipsburg, supra, 26 N.J. Tax at 72 ("The plain language of R. 8:7(e) affords no distinction, exception, or tolling of the 180-day time period in which to move for dismissal, based upon the type of relief sought in the complaint."). Importantly, if in a reasonableness hearing a taxpayer can prove that the assessor's data and methodology was so arbitrary and capricious that the ensuing assessment was unreasonable or aberrant, then, the taxpayer can proceed to prove what the property's value should be. See Ocean Pines, supra, 112 N.J. at 12 (citing to Transcontinental Gas Pipe Line Corp. v. Township of Bernards, 111 N.J. 507 (1988) as an "example of an aberrant methodology that dispelled the presumption of correctness of the" assessment). In Transcontinental, supra, the Court held that "when confronted by . . . a totally deficient valuation methodology, which provides no reliable indication that the *quantum* of the assessment is itself reasonable, the Tax Court is obligated to exercise its power to make an independent assessment based on the evidence before it and data properly at its disposal." Id. at 538.

standard track cases (such as the instant one), see R. 8:6-1, which leaves it only 30 days to conduct discovery as to the Chapter 91 motion. Plaintiff claims that the 180-day period "assumes" that standard track discovery is complete, which will put the parties on notice what the "legal issues are." It notes that not knowing the existence of a Chapter 91 "defense" would leave it vulnerable to waste of, or misdirected expense of time, resources, and costs.

The arguments are unpersuasive. As noted in Paulison, supra, the time limits are meant precisely for an expeditious resolution of an appeal so that costs can be saved. Additionally, although Part VIII provides 150 days for completion of discovery in standard track cases, see R. 8:6-1, there is nothing to prevent the parties from requesting an extension of the discovery end-date while a Chapter 91 motion is pending, so that resources may be devoted to discovery on the factual aspects of the motion (which is essentially whether or why a response was allegedly not provided by the plaintiff taxpayer). Nor is there any rule in Part VIII which prevents this exercise.[3]

The court therefore, will not dismiss the City's Chapter 91 motion on grounds the City failed to comply with Part IV. The City's motion fully complied with R. 8:7(e), the court rule in Part VIII that is specifically applicable to assertions of a Chapter 91 non-compliance by a taxing district, the resolution of such motion being undisputedly the "business of the Tax Court."

**CONCLUSION**

For the aforementioned reasons, the court grants the City's motion in part since plaintiff is entitled to a reasonableness hearing under Ocean Pines, supra.

Very truly yours,

Mala Sundar, J.T.C.

---

[3] Indeed here, plaintiff sought a two-cycle adjournment for its initial response to the motion on grounds it needed time to "respond," and then in its response did not refute receipt of, and non-response to, the Chapter 91 request.