LASSER, J.T.C.
ADP of New Jersey, Inc. (Taxpayer) contests Taxing District’s motion to dismiss its complaint for failure of its predecessor in title to furnish income information requested by the assessor pursuant to N.J.S.A. 54:4-34 (Chapter 91[1]).
*361 Taxpayer timely filed a complaint contesting the 1994 real property tax assessment on property owned by it at 99 Jefferson Road, Parsippany-Troy Hills, known as Block 736, Lot 7.4. Thereafter Taxing District timely filed an answer and counterclaim.
On September 1, 1993, the tax assessor for the Taxing District mailed to the then owner of the property, PA/First Plaza Joint Venture II, at its address as indicated on the tax records of the Taxing District, a request for income and expense information for the subject property. Included was a letter which recited six specific types of information required to be furnished within 45 days of the mailing date, a form of annual income and expenses to be completed and a letter setting forth the text of N.J.S.A, 54:4-34.
The letter was mailed certified mail, return receipt requested. In evidence is a return receipt signed by Joseph E. Seiortino, an employee of the Evans Partnership having the same address as PA/First Plaza Joint Venture II. Mr. Seiortino in a certification dated July 20,1994, states that the signature “appears to be mine” but he has no recollection of having received the September 1, 1993 letter. A certification by the senior assistant assessor of the Taxing District states that she personally arranged for the serving of Chapter 91 notices on owners of income-producing properties and did so with respect to the subject property and that the postal receipt indicates a mailing date of September 1, 1993.
Taxpayer purchased the subject premises from PA/First Plaza Joint Venture II by deed dated December 1,1993. The deed was recorded in the office of the Morris County Clerk on December 3, 1993. The assessor and the senior assistant assessor in their certifications state that the assessor’s office did not receive a copy of the deed or any notice of the sale until after January 10, 1994, the date that the completed 1994 tax books must be submitted to the County Board of Taxation.
Taxpayer contends: (1) that the Taxing District has not established that the request for the income and expense information was received by the former owner; (2) that the request included a *362 copy of the statute which erroneously omitted 14 words; (3) that ADP as owner of the real property did not receive the request to furnish information, and (4) that the statute as applied violates constitutional due process by depriving the present owner of the right to appeal based on the inaction of the prior owner.
The subject statute including the omitted 14 words (underlined) follows:
Every owner of real property of the taxing district shall, on written request of the assessor, made by certified mail, render a full and true account of his name and real property and the income therefrom, in the case of income-producing property, and produce his title papers, and he may be examined on oath by the assessor, and if he shall fail or refuse to respond to the written request of the assessor within 45 days of such request, or to testify on oath when required, or shall render a false or fraudulent account, the assessor shall value his property at such amount as he may, from any information in his possession or available to him, reasonably determine to be the full and fair value thereof. No appeal shall be heard from the assessor’s valuation and assessment with respect to income-producing property where the owner has failed or refused to respond to such written request for information within 45 days of such request or to testify on oath when required, or shall have rendered a false or fraudulent account. The county board of taxation may impose such terms and conditions for furnishing the requested information where it appears that the owner, for good cause shown, could not furnish the information within the required period of time. In making such written request for information pursuant to this section the assessor shall enclose therewith a copy of this section.
[N.J.S.A 54:4-34.]
I am satisfied from the proofs that the prior owner received the assessor’s request for information and did not respond to this request. Taxpayer contends that the difference in the Taxing District’s mailing stickers is a basis for proof of non-service. I am satisfied that the labels on the card indicating mailing and the card indicating receipt are the same. The difference in the Annual Statement sticker does not prove non-service. I also find that the material submitted to the prior owner informed the prior owner that failure to comply with the request within the 45 day period would result in a loss of the right to contest the assessment, despite the erroneous omission of 14 words in the text of the statute.
The wording of the statute sent to the owner clearly states “No appeal shall be heard from the assessor’s valuation and assessment with respect to income-producing property where the owner *363 has failed or refused to respond to such written request for information within 45 days of such request____” Of the two letters enclosed in the request package the first letter specifically states that the information must be submitted within 45 days from the date of the letter. The second letter states, “In the event that you do not furnish the information within the 45 day period you may be precluded from filing an appeal challenging the assessment of the property.” The second letter further states, “If you have any questions regarding this request or require clarification relating to the information sought, please contact this office for further assistance.” It is also clear that the request related to property of PA/First Plaza Joint Venture II in Parsippany-Troy Hills located at Block 736, Lot 7.4.
The constitutionality of Chapter 91 has been affirmed in Ocean Pines, Ltd. v. Point Pleasant Bor., 112 N.J. 1, 547 A.2d 691 (1988). Taxpayer contends that Ocean Pines does not apply in this case because as a subsequent owner, it did not receive notice of the original request and, therefore, was denied due process in not being provided an opportunity to respond. Just as the Ocean Pines’ reasonableness hearing supported due process in that case, the availability of a reasonableness hearing for ADP will likewise provide it with due process. Taxpayer’s contention that it is denied due process by the inaction of the prior owner fails because ADP, as purchaser from the prior owner, stands in the shoes of the prior owner. Notice to a prior owner is notice to a subsequent owner. The critical components of due process are adequate notice, opportunity for a fair hearing and availability of appropriate review. Schneider v. East Orange, 196 N.J.Super. 587, 595, 483 A.2d 839 (App.Div.1984) aff'd, 103 N.J. 115, 510 A.2d 1118, cert. denied, 479 U.S. 824, 107 S.Ct. 97, 93 L.Ed.2d 48 (1986). If the requirements of due process have been satisfied as to a prior property owner, then, with respect to local property tax, due process is satisfied as to a successor in title.
The intention of the statute is to provide a mechanism for the assessor to obtain income information concerning income-producing property from the owner of the property. If the owner *364 fails to respond, the sanction of loss of the right to contest the assessment for the ensuing year (except for the reasonableness hearing provided in Ocean Pines, supra) applies to the owner and all those who stand in the shoes of the owner. This includes tenants who may be required to pay property tax under net leases, as well as subsequent purchasers. Here, when the property was transferred three months after the assessor’s request of the prior owner, it was the obligation of the purchaser to make inquiry of the assessment status if it intended to protect its right to contest the 1994 assessment.
Other examples of actions of a prior owner which may affect the property tax assessment rights of a subsequent purchaser are found in the application of the Freeze Act (N.J.S.A. 54:51A-8) and the payment-of-tax requirement (N.J.S.A 54:3-27 and N.J.S.A. 54:51A-lb). A subsequent owner has the right to apply the Freeze Act, for a subsequent year, to a judgment obtained by a prior owner for a prior year, and a subsequent purchaser is bound by an agreement of the prior owner that the Freeze Act will be binding on both the taxpayer and the taxing district for subsequent years. Central Bergen Props. v. Elmwood Park, 6 N.J.Tax 495 (Tax 1984). Failure of a prior owner to pay property tax will bar a subsequent owner from contesting the assessment if, at the time within which the subsequent owner is entitled to file its complaint, prior taxes are unpaid.
This Court has previously stated that a receiver is barred by Chapter 91 from contesting an assessment where the prior owner failed to comply with Chapter 91. In that case the Court stated, “The Chapter 91 defect runs with the land, it is not personal to any given owner.” Carriage Four Assocs. v. Teaneck Tp., 13 N.J. Tax 172, 180 (Tax 1993).
Property taxes are not a personal obligation of the owner but are a lien on the property. It is the obligation of a purchaser to ascertain the facts concerning the property tax and the property tax assessment on the property that it proposes to purchase and to protect itself in its agreement with the seller as to *365 any rights that it may wish to assert with respect to the property tax.
Since the requirements of Chapter 91 with respect to the 1994 assessment were not complied with, the Taxpayer, even though a subsequent purchaser, is barred from contesting the assessment, except in a reasonableness hearing provided under Ocean Pines. Therefore, Taxing District’s motion to dismiss the complaint is granted subject to Taxpayer’s right to request an Ocean Pines hearing.

Z. 1960, c. 51, § 29; Z.1979, c. 91, § 1, commonly referred to as Chapter 91.