BIANCO, J.T.C.
This opinion constitutes the court’s decision with respect to the motions filed by defendant, Totowa Borough (“Totowa”), seeking to dismiss the Complaints of plaintiffs, Fairfield Dev c/o 46 Auto Imports (“Fairfield”) and Anton & Simon Schweighardt (“Schweighardts”), in the above captioned matters. Because the issues presented in both cases are identical, we join them for the purposes of this opinion. For the reasons set forth below, Totowa’s motions are denied.

FACTS

Both taxpayers operate income producing property in Totowa. On September 10, 2012, and September 11, 2012, Totowa served Fairfield and the Schweighardts, respectively, with requests for information pursuant to N.J.S.A 54:4-34, also known as Chapter 91. Totowa’s requests each included a cover letter, an income and expense statement form, instructions on how to complete the form, and “a copy of the statutory language of N.J.SA 54:4-34,” which read as follows:
*308 Eveiy owner of real property of the taxing district shall, upon written request of the tax assessor, made by certified mail, render a full and true account of his name and the real property and the income therefrom, in the case of income producing property, and produce his title papers, and he may be examined on oath by the tax assessor, and if shall fail or refuse to respond to the written request of the tax assessor within 45 days of such request, or to testify on oath when required, or shall render a false or fraudulent account, the tax assessor shall value his property at such amount as he may, from any information in his possession or available to him, reasonably determine to be the full and fair value thereof. No appeal shall be heard from valuation and assessment with respect to income-producing property where the owner has failed or refused to respond to such written request for information within 45 days of such request or to testify on oath when required, or shall have rendered a false or fraudulent account. The county board of taxation may impose such terms and conditions for furnishing the requested information where it appears that the owner, for good cause shown, could not furnish the information within the required period of time. In making such a written request for information pursuant to this section the tax assessor shall enclose therewith a copy of this section.
On March 25, 2013, both Fairfield and the Schweighardts filed Complaints challenging their 2013 property tax assessments. Subsequently, on August 9, 2013, Totowa filed Motions to Dismiss both taxpayers’ Complaints for failure to respond to the Chapter 91 requests.

LAW

In order to assist taxing authorities in determining the appropriate property tax liabilities, Chapter 91 requires income producing properties to provide the pertinent information, when requested, to the tax assessor. N.J.S.A. 54:4-34. By its plain meaning, the statute places strict obligations on the assessors’ requests. Assessors are required to (1) include a copy of the text of the statute in their letters; (2) send the request by certified mail to the owner of the property; and (3) spell out that the consequences of failure to comply with the assessor’s demand is a bar to the taxpayer’s taking of an appeal from its assessment. Southland Corp. v. Dover Twp., 21 N.J.Tax 573, 578 (Tax 2004). A taxpayer who fails to respond to the assessor’s request within forty-five days may forfeit the right to appeal the assessment. N.J.S.A. 54:4-34.
In the instant cases, the only objection the taxpayers have made is that Totowa did not properly include a copy of the statute. *309 It is undisputed that Totowa did not include an exact copy of the statute. The differences are highlighted below:
Every owner of real property of the taxing district shall, on upon written request of the tax assessor, made by certified mail, render a full and true account of his name and the real property and the income therefrom, in the case of income producing property, and produce his title papers, and he may be examined on oath by the tax assessor, and if he shall fail or refuse to respond to the written request of the tax assessor within 45 days of such request, or to testify on oath when required, or shall render a false or fraudulent account, the tax assessor shall value his property at such amount as he may, from any information in his possession or available to him, reasonably determine to be the full and fair value thereof. No appeal shall be heard from the assessor’s valuation and assessment with respect to income-producing property where the owner has failed or refused to respond to such written request for information within 45 days of such request or to testify on oath when required, or shall have rendered a false or fraudulent account. The county board of taxation may impose such terms and conditions for furnishing the requested information where it appears that the owner, for good cause shown, could not furnish the information within the required period of time. In making such a written request for information pursuant to this section the tax assessor shall enclose therewith a copy of this section.[1]
The Tax Court has previously addressed the relevant statutory language of Chapter 91 regarding the inclusion of a copy of the statute:
Chapter 91 employs the word “shall” in directing the assessor to include a copy of the statute with his request for income and expenses. It is well settled in New Jersey that the word “shall” is presumptively used in an imperative and not a directory sense; and this presumption can only be rebutted by something in the character of the legislation or in the context which justifies a different meaning. Starkly put, the word “shall” creates a presumption that what is commanded must be done. It is also a fundamental rule of statutory construction that every requirement of the act must have the full effect the language imports unless such interpretation will lead to great inconvenience or subversion of some important object of the act or would lead to an absurdity. Nothing in the character or context of chapter 91 delegates from the mandatory nature of the direction that the assessor fux-nish the taxpayer with a copy of the statute; nor does strict interpretation of such direction lead to inconvenience, absurdity or subversion of any legislative object.
[SAIJ Realty Inc. v. Town of Kearny, 8 N.J.Tax 191 (Tax 1986) (internal citations omitted).]
In SAIJ Realty, the assessor failed to include the 1979 amendments to the statute, which greatly changed its effect. Because *310 the assessor did not properly include a copy of the statute, the case was not dismissed under Chapter 91.
ADP of New Jersey, Inc. v. Parsippany-Troy Hills Twp., 14 N.J.Tax 372, 376 (Tax 1994), is the only case Totowa cites in support of its argument that it need not include a proper copy of the statute. In ADP, the court found that the omission of a fourteen word phrase within the statute was not a deathblow to the town’s motion to dismiss because it informed the taxpayer that “failure to comply with the request within the 45 day period would result in a loss of the right to contest the assessment, despite the erroneous omission of 14 words in the text of the statute.” The court in ADP did not specifically address whether the assessor properly included a copy of the statute.

CONCLUSION

While the changes to the statute in the present cases were minor, the assessor failed to follow the clear and simple requirement set forth in the plain meaning of N.J.S.A. 54:4-34. The statute’s directive does not permit the assessor to modify its language, even when such modification may serve to clarify the statute’s meaning or increase its readability. Moreover, the court should not be put in the position to have to evaluate the intent and effect of modified statutory language when the clear language of N.J.S.A. 54:4-34 only requires that a copy be enclosed with an assessor’s Chapter 91 request. Clearly the Legislature was satisfied that the statutory language of N.J.S.A. 54:4-34 was comprehensible as adopted. This court therefore respectfully disagrees with the decision in ADP. The unambiguous mandate of N.J.S.A. 54:4-34 simply requires that “the assessor shall enclose ... a copy of this section.” N.J.S.A. 54:4-34. It cannot be said that “strict interpretation of such direction lead[s] to inconvenience, absurdity or subversion of any legislative object.” SAIJ Realty Inc., supra. Accordingly, Totowa’s Motions to Dismiss with prejudice in each ease are denied.

 Words in bold type indicate Totowa’s additions to the statutory language, and underlined words indicated words omitted from the statutory language.