NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

_____ :
                               :
975 HOLDINGS, LLC,          : TAX COURT OF NEW JERSEY
                               :
         Plaintiff,        : DOCKET NO: 010346-2016
                               :
              vs.             :
                               :
EGG HARBOR CITY,           :
                               :
         Defendant.        :
_____

         Decided: June 20, 2017

         Salvatore Perillo, Esquire
         Perskie, Nehmad & Perillo
         Attorney for Plaintiff

         James J. Carroll, III, Esquire
         Attorney for Defendant

CIMINO, J.T.C.

Plaintiff taxpayer, 975 Holdings, LLC is the current owner of an improved parcel in Egg Harbor City. The taxpayer purchased the property in a bankruptcy asset sale allowed pursuant to 11 U.S.C. § 363. Prior to the sale, the bankrupt debtor acting as a debtor-in-possession failed to respond to a Chapter 91 request. N.J.S.A. 54:4-34. Taxpayer argues that both the fact that the prior owner was in a bankruptcy proceeding and that the property was purchased

through a section 363(f) sale somehow excuses noncompliance with Chapter 91. For the reasons set forth in greater detail in this opinion, the court rejects both of these arguments.

The parcel in question is eight acres and is improved with a hotel with restaurant and catering facilities. The parcel is designated on the tax maps of Egg Harbor City as the entirety of Block 73.07 which consists of Lots 1 through 16. The parcel fronts onto Bremen Avenue. The other winery facilities include a winery, restaurant, golf course, and vineyards which are located across Bremen Avenue in Galloway Township and are not the subject of this appeal.

On November 13, 2014, Renault Winery, Inc. filed for bankruptcy under Chapter 11 of the United States Bankruptcy Code and was designated as the debtor-in-possession of the parcel pursuant to 11 U.S.C. § 1107.

On April 16, 2015 defendant municipality mailed by United States Postal Service certified mail, return receipt requested, a request in accordance with N.J.S.A. 54:4-34, otherwise known as a Chapter 91 request. The certified mail was signed for by the debtor-in-possession on April 18, 2015. The debtor-in-possession did not respond to the request.

On September 22, 2015, 975 Holdings entered into a contract to purchase the parcel and on October 1, 2015 the Bankruptcy Court

approved the sale pursuant to 11 U.S.C. § 363. Thereafter, the parties closed on the sale on November 16, 2015.

On July 13, 2016, 975 Holdings filed a complaint with this Court challenging the 2016 taxes on the parcel. On December 15, 2016, a motion was filed by the municipality to dismiss the complaint in accordance with Chapter 91 for failure to provide a response to the April 16, 2015 request.

The current owner, taxpayer 975 Holdings, argues that the provisions of Chapter 91 do not apply to it since the Chapter 91 notice was sent to the debtor-in-possession. In the alternative, the taxpayer alleges that the sale of the property to taxpayer pursuant to 11 U.S.C. § 363 somehow abrogates the municipality's Chapter 91 defense.

As to the first argument, taxpayer argues that since the notice was sent to the debtor-in-possession while the prior owner was under the supervision of the Bankruptcy Court, the failure to comply with Chapter 91 is excused.

Since 1918, taxpayers have been required to provide certain requested information to the assessor. L. 1918, c. 236, § 403. While the law was amended a number of times through the years, it was not until 1979, with the adoption of Chapter 91, that the failure to respond to a request could result in the municipality moving to dismiss the complaint. Chapter 91 amended N.J.S.A. 54:4-34 in pertinent part by adding the following sentence:

No appeal shall be heard from the assessor's valuation and assessment with respect to income-producing property where the owner has failed or refused to respond to such written request for information within 45 days of such request or to testify on oath when required, or shall have rendered a false or fraudulent account.

[L. 1979, c. 91, § 1]

As indicated by the Senate Revenue, Finance and Appropriations Committee's statement as to the bill which would become Chapter 91, the "problem addressed" was that "the property owner is not subject to any penalty for not disclosing property income information. The property owner is free to appeal the assessment, notwithstanding his refusal to provide information which would have affected the valuation, and, perhaps, avoided the appeal from the assessment." Senate Revenue, Finance and Appropriations Comm., Statement to S., No. 309, at 1 (Jan. 26, 1978). The other "problem addressed" was when "an appeal has been filed, the assessor currently has no access to information on which the appellant is basing his appeal and thus the assessor is unprepared to testify in argument to the appellant's representations." Id.

As explained by the New Jersey Supreme Court, if a taxpayer could withhold the information until the time of appeal, "the assessor would then be required either to prepare a second valuation of the property -- a tremendous waste of valuable time

and resources -- or to defend the original valuation on the taxpayer's appeal." Ocean Pines Ltd. vs. Edwards, 112 N.J. 1, 7 (1988). Either result runs contrary to the purpose of the statute as set forth by the Senate committee. See Id.

The prior owner, Renault Winery, Inc., filed a petition pursuant to Chapter 11 of the Bankruptcy Code. 11 U.S.C. § 1101-1175. The primary purpose of Chapter 11, which is entitled "reorganization" is the rehabilitation of financially troubled businesses. Kernan v. One Washington Park, 154 N.J. 437, 446 (1998). Upon the filing of the bankruptcy petition, the assets of the debtor become part of what is termed the bankruptcy estate of the debtor. 11 U.S.C. § 541. Broadly overseeing the process is the United States Trustee. 28 U.S.C. § 586, 11 U.S.C. § 327. Shortly after the filing of a bankruptcy petition, the United States Trustee conducts a § 341 meeting of creditors in which the debtor is required to appear and answer questions of the United States Trustee and creditors. 11 U.S.C. §§ 341, 343.

In most Chapter 11 bankruptcy cases, the United States Trustee does not seek the appointment of a case trustee. Rather, the debtor remains as a "debtor-in-possession." Kernan, supra, 154 N.J. at 446-447, 11 U.S.C. § 1107. With certain limited exceptions, a debtor-in-possession has all the rights and powers, and shall perform all the functions and duties of a case trustee. 11 U.S.C. § 1107(a). Even though a debtor-in-possession, there is

a duty of loyalty to creditors.  <u>Wolf v. Weinstein</u>, 372 <u>U.S.</u> 633, 642, 83 <u>S. Ct.</u> 969, 975-76, 10 <u>L. Ed.</u> 2d 33, 42 (1963).  The debtor in possession is a fiduciary for the bankruptcy estate and creditors.  <u>In re United Healthcare Sys. Inc.</u>, 200 <u>F.</u>3d 170, 177 n. 9 (3rd Cir. 1999), <u>cert. denied</u>, 530 <u>U.S.</u> 1204, 120 <u>S. Ct.</u> 2199, 147 <u>L. Ed.</u> 2d 234 (2000).  The United States Trustee broadly oversees the process through the promulgation of operating guidelines and reporting requirement to be followed by debtors-in-possession.  U.S. Dept. of Justice, <u>United States Trustee Program Policy and Practices Manual</u>, Vol. 3 (July 2016).

The taxpayer initially argued that the obligation to file a response to a Chapter 91 request belongs with whomever is the trustee.  However, there was not a trustee specifically appointed to the bankruptcy case.  Instead, the day-to-day operations of the debtor and the assets of the bankruptcy estate were handled by the debtor-in-possession, Renault Winery, Inc.

In <u>Kernan</u>, the New Jersey Supreme Court had to confront this issue in a slightly different context.  Kernan slipped and fell on property owned by One Washington Park.  <u>Kernan</u>, <u>supra</u>, 154 <u>N.J.</u> at 442.  At the time of the fall, One Washington Park was in reorganization pursuant to Chapter 11 of the Bankruptcy Code.  <u>Id.</u> The debtor was not permitted to remain in possession and a case trustee was appointed by the Bankruptcy Court.  <u>Id.</u>  The Court noted that upon appointment, not only would the case trustee

operate the business, the case trustee is automatically substituted for the debtor-in-possession in any pending action, proceeding or matter. Id. at 449. The case trustee was vested with title to all the debtor's property. Id. at 450 (citing Hanover Insurance Company vs. Tyco Industries, Inc., 500 F.2d 654, 656 (1974)). See also Kernan, supra, 154 N.J. at 450. As a result, One Washington Park argued that it did not have a duty to third persons such as Kernan. Id. The Court determined that upon being ousted from control as debtor-in-possession by the appointment of a case trustee, One Washington Park had no duty to maintain the property. Id. at 453. However, the Court noted that the outcome would have been different had One Washington Park remained as the debtor-in-possession. Id.

In this case, taxpayer's predecessor, Renault Winery, Inc., was a debtor-in-possession. Notably, the obligation to file a response to the Chapter 91 request did not fall upon a case trustee. There is not any dispute the debtor-in-possession received the Chapter 91 notice and did not respond. This failure to respond is not excused by the taxpayer's predecessor being a debtor-in-possession.[1] "The Chapter 91 defect runs with the land.

---

[1] To be clear, in bankruptcy cases, there is an automatic stay of all actions pursuant to 11 U.S.C. § 362(a). However, the automatic stay does not apply to post-petition claims. Kernan, supra, 154 N.J. at 454. Rather the stay applies solely to claims against the debtor that arose prior to the bankruptcy petition. Id.

. ." ADP of New Jersey v. Parsippany Troy Hills, 14 N.J. Tax 372, 378 (Tax 1994). Carriage Four Associates vs. Teaneck, 13 N.J. Tax 172, 180 (Tax 1993). A subsequent owner is "saddled with that failure to comply with the statute." Carriage Four Assoc., supra, 13 N.J. Tax at 180. Thus, the taxpayer here is saddled with the failure of Renault Winery, Inc., the debtor-in-possession, to file a Chapter 91 response.

Taxpayer's remaining argument is that upon the sale of the property pursuant to 11 U.S.C. § 363, any impediment resulting from the failure to file a Chapter 91 response would be extinguished. The debtor-in-possession can exercise the power of a trustee to sell property of the estate "free and clear" of "any interest" that any entity has in such property. 11 U.S.C. § 363(f).[2] The term "any interest" is not defined anywhere in the bankruptcy code. The trend seems to be towards a broad interpretation that includes obligations beyond in rem interests that may flow from the ownership of property. Folger Adam Security, Inc. vs. Dematteis/MacGregor, JV, 209 F.3d 252, 258 (3rd Cir. 2000). "Any interest" is intended to refer to obligations that are connected to, or arise from, the property being sold. Id. at 259.

---

[2] The proceeds of the sale are then utilized to reorganize the debtor, including the satisfaction of creditors. 11 U.S.C. § 1123.

In the case at hand, the taxpayer took title to the property by virtue of a sale conducted pursuant to 11 U.S.C. § 363(f).  The taxpayer now argues that the sale was free and clear of any interest which the municipality had in filing a Chapter 91 defense. A defense under Chapter 91 must be raised affirmatively by the municipality within 180 days after the filing of the complaint or 30 days before the first trial date.  R. 8:6(e).[3]  If not affirmatively raised by the municipality, the defense is considered waived and the case moves forward.

The taxpayer filed a complaint on July 13, 2016.  Thereafter, the municipality timely filed a motion to dismiss the complaint on the basis of Chapter 91 on December 15, 2016.  The taxpayer now argues that despite the municipality having timely filed a motion to dismiss alleging a Chapter 91 defense, such defense has been extinguished by the section 363(f) sale since the Chapter 91 defense consists of an "interest" in the property.  Despite the broad reading of "any interest" in section 363(f), the Third Circuit has repeatedly indicated that affirmative defenses are not interests and therefore are not extinguished by a section 363(f) sale.  Folger Adam, supra, 209 F.3d at 261.

---

[3] The rule, adopted by the Supreme Court, serves as the mechanism through which the municipality raises the defense.  Lucent Technologies, Inc. v. Township of Berkeley Hts., 201 N.J. 237, 247-248 (2010).

In _Folger Adam_, the Third Circuit considered whether the affirmative defense of recoupment could be raised despite a section 363(f) sale. The section 363(f) purchaser brought suit to recover accounts receivable which were acquired as part of the assets in the section 363(f) sale. In turn, the defendants raised the defense of recoupment to diminish the claim or defeat the recovery. _Id._ at 260. The Third Circuit determined that these defenses were not interests. _Id._ at 261. By its nature, the defense of recoupment only arose after the section 363(f) purchaser asserted its claim.

The taxpayer as a section 363(f) purchaser took the parcel and either knew or should have known the status of the property taxes including the amount of taxes and Chapter 91 compliance status. "It is the obligation of the purchaser to ascertain facts concerning the property tax and property tax assessment and to protect itself in its agreement with the seller as to any rights it may wish to assert with respect to the property tax." _ADP of New Jersey, Inc._, _supra_, 14 _N.J. Tax_, at 378-379.

Setting aside the Chapter 91 issue, the taxpayer had to or should have realized that even if the tax appeal goes forward, there is not any guarantee that there would be any adjustment of the assessment. The sale documents are not conditioned upon any reduction in the assessment resulting from a tax appeal. In other

words, the taxpayer willingly purchased the property prior to and regardless of the outcome of the tax appeal.

In summary, the municipality is not asserting an "interest" under section 363(f). Rather, the municipality is affirmatively asserting a defense under Chapter 91. This defense is not an interest of the municipality, but is a defense waivable by the municipality through inaction or indifference. But for the tax appeal of taxpayer, the Chapter 91 defense would have never arisen. The essence of a defense is something affirmatively raised in response to a claim. Only interests can be extinguished in a section 363 sale. Since defenses are not interests under section 363(f), a Chapter 91 defense is not abrogated. The municipality's motion to dismiss the complaint is granted in part subject to a reasonableness hearing under Ocean Pines, supra.