NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

## \TAX COURT OF NEW JERSEY



**Mala Sundar**
**JUDGE**

R.J. Hughes Justice Complex
P.O. Box 975
25 Market Street
Trenton, New Jersey 08625
Telephone (609) 815-2922
TeleFax:   (609) 376-3018
taxcourttrenton2@judiciary.state.nj.us

February 1, 2018

Joseph Buro, Esq.
Zipp Tannenbaum Caccavelli, L.L.C.
280 Raritan Center Parkway
Edison, New Jersey 08837

Joseph Palombit, Esq.
Emil Philibosian, Esq.
Hoagland Longo et al.
40 Paterson Street
New Brunswick, New Jersey 08901

Re: Fulton Partners L.L.C. v City of New Brunswick
Block 300, Lot 2
Docket No. 003351-2017

Dear Counsel:

This matter comes before the court on defendant's motion to seeking dismissal of the above captioned compliant for the property owner's failure to respond to the tax assessor's request for financial information pursuant to N.J.S.A. 54:4-34 (L. 1979, c. 91), commonly known as "Chapter 91," in connection with the above captioned property ("Subject").  Per defendant ("City"), its request was received by the property owner as evidenced by the certified mail return receipt, and no response was received by defendant's assessor.

Plaintiff initially sought a denial of the motion on the following grounds: (1) as to the Chapter 91 request to the prior owner of the Subject, plaintiff, as the successor owner, should be allowed discovery since there is no information whether (a) the prior owner received the request;

*

(b) the prior owner responded to the request, and (c) the Subject was income producing at the time the request was sent; (2) plaintiff should be permitted discovery to explore the revaluation company's possible involvement "in the Chapter 91 process" (since the City underwent a district-wide revaluation in 2016, effective for 2017); (3) plaintiff should be permitted discovery to explore whether the Chapter 91 request was only a pretext aimed only to dismiss a complaint.

Subsequently, plaintiff raised a legal argument that a Chapter 91 motion is in reality an affirmative defense, and therefore, should have been pled in an answer to its complaint pursuant to R. 4:5-4 of the court rules governing civil practice, or be deemed waived. Since here, the City never filed an answer, per plaintiff, the Chapter 91 motion must be stricken, denied, or dismissed.

The City maintained that precedent supported dismissing a successor owner's complaint for non-response to a Chapter 91 request sent properly to a prior owner, therefore, plaintiff's need for discovery from the prior owner is irrelevant. As to plaintiff's affirmative defense argument, the City concedes that seeking a dismissal of a complaint pursuant to Chapter 91 is an affirmative defense, however, argues that since Chapter 91 is jurisdictional it cannot be waived, and further, the court rules governing the Tax Court, specifically, R. 8:7(e), control the procedure to raise a Chapter 91 assertion by a taxing district.

For the reasons set forth below, the court finds that the procedural mechanism for asserting a failure to comply with Chapter 91 is controlled only by R. 8:7(e). The court also finds unpersuasive plaintiff's need for discovery on the revaluation company's involvement or the assessor's alleged pretext as reasons to deny the motion. The court, however, finds reasonable plaintiff's argument that information from the prior owner as to the receipt of, and response to the Chapter 91 request may legitimately provide grounds to thwart granting of the motion, as would be the property's income-producing status. Although the plaintiff had absolutely no bar in

procuring this information in preparation of, and prior to its filing an opposition and several briefs, and prior to two oral arguments, the court will stay the motion solely for purposes of allowing plaintiff to obtain information from the prior owner as to the receipt of, and response to instant Chapter 91 request, and its income-producing status.

Although a final determination of the motion is being stayed, the court issues this opinion because Mr. Buro, the assigned attorney for plaintiff, first raised a novel legal argument as to the affirmative defense nature of a Chapter 91 motion. Subsequently, the other attorneys in plaintiff's counsel's law firm adopted those arguments, incorporating the same by reference to this case. In all those other cases, the City is the defendant, and evidently all have pending Chapter 91 motions (except for two cases with the same counsel for plaintiff, and the City as defendant, and which were dismissed in part, as to which plaintiff's counsel is seeking to have reopened to assert the same "affirmative defense" argument). Since this is the "lead" case in this regard, the court deems it proper to issue its decision on this issue first.

**FACTS**

The facts are based on the documents provided in support of the City's assessor's certification. The assessor's certification contained several typographical or other errors, including attaching a copy of a Chapter 91 request sent in 2017 and addressed to plaintiff, but including the income & expense ("I & E") information statement and the return receipt for the certified mailing addressed to the prior owner, which were both dated 2016. These errors were corrected by certifications and the Chapter 91 request sent in 2016. The court views these as harmless errors, which do not prevent it from deciding the issues raised herein.

Per documents provided by plaintiff, on August 17, 2016, the then property owner, Fulton Gardens Associates, L.L.P. transferred the Subject to plaintiff herein for $3,500,000. The affidavit

of consideration indicated the Subject as Class 4C. Plaintiff also provided a "screen shot" of a webpage from the Monmouth County Board of Taxation's website to show that the tax records reflected the sale, and that the deed for the transfer was recorded December 21, 2016. That "screen shot" also shows the Subject as having "52 Apartments."

On or about June 1, 2016, the City's assessor mailed, via certified mail, return receipt requested, a Chapter 91 request seeking I&E information from the prior owner for the "last year or the" 12-month period of January 1 of the "last year" to December 31 of the "last year." The request was sent to the mailing address of the prior owner. The return receipt showed an acknowledgement of the same on or about June 6, 2016. There was no response to the request.

In its reply to plaintiff's opposition, the City argued, among others, that no "discovery" is required as to the income-producing status of the Subject because such status does not excuse a non-response. The City points to the Chapter 91 request which stated in bold font that if the property was 100% owner occupied, with no leases or rents or income derived from the property, the property owner had to so notify the assessor. The assessor included a third certification that the revaluation company "had no involvement in" generating or mailing the Chapter 91 request, only the assessor did these functions.

**ANALYSIS**

N.J.S.A. 54:4-34 requires a property owner to "render a full and true account of" the property owner's "name and real property and the income therefrom," if the property is "income-producing." Failure or refusal to respond within 45 days of the Chapter 91 request allows the assessor to reasonably determine the property's "full and fair value" based upon any information he or she has. It also bars the property owner from appealing that assessment. Ibid. The property owner is however entitled to a hearing as to whether the assessment was reasonable in light of the

available data and methodology used by the assessor. See Ocean Pines Ltd. v. Borough of Point Pleasant, 112 N.J. 1, 11 (1988).

The statute does not provide any exceptions to, or exemptions from, the response requirement. Rather, it only allows for an extension of time to provide the response. See N.J.S.A. 54:4-34 ("The county board of taxation may impose such terms and conditions for furnishing the requested information where it appears that the owner, for good cause shown, could not furnish the information within the required period of time.").[1]

*(A)  Chapter 91 as an Affirmative Defense*

The parties agree that a claim of failure to respond to a request for income information under Chapter 91 is an affirmative defense. They part ways as to the procedure in which the "defense" should be raised. Plaintiff argues that it is no different than any other civil affirmative defense, therefore, must be pled in an answer to its complaint, or deemed waived, as required, and provided, by the Rules Governing Civil Practice (hereinafter "Part IV"). See R. 4:5-4; 4:6-2; 4:6-7; Brown v. Brown, 208 N.J. Super. 372, 384 (App. Div. 1986) ("It is well settled that an affirmative defense is waived if no**t** pleaded or otherwise timely raised.) (citing R 4:6-7). Plaintiff maintains that it must be put on notice that its complaint may be dismissed because of an alleged non-response to a Chapter 91 request. Per plaintiff, since an alleged non-compliance to a Chapter 91 request is an affirmative defense, the City must file an answer within 35 days of the service of

---

[1] Under few circumstances, precedent has permitted escaping the consequences of a non-response, i.e., an appeal being limited to a reasonableness hearing. One exception is if the property is not income producing. H.J. Bailey Co. v. Township of Neptune, 399 N.J. Super. 381, 382-83 (App. Div. 2008) ("Chapter 91's appeal-preclusion provision and the limited appeal process fashioned . . . in Ocean Pines apply solely to income-producing properties"); see also Monsanto Co. v. Township of Kearny, 8 N.J. Tax 109, 111 (Tax 1986) (an "owner-occupied" property is not "income producing" therefore, the consequences of a non-response do not apply). Cf. Waterside Villas Holdings, LLC v. Township of Monroe, 434 N.J. Super. 275 (App. Div.), certif. denied, 217 N.J. 589 (2014) (property owner must respond and cannot simply rest on litigational arguments of confusion or lack of clarity).

the complaint under R. 4:6-1 and specifically plead Chapter 91 violation. Only if such an answer is filed with the affirmative defense of the Chapter 91 non-compliance, plaintiff argues, can the City then move to dismiss the complaint within the time limits set forth in the Rules Governing Practice in the Tax Court (hereinafter "Part VIII"), specifically, R. 8:7(e). See e.g. R. 4:6-3.

The City contends that such a reading not only contradicts R. 8:3-2(b) (which allows a taxing district the option of filing an answer) and R. 8:7(e), but also severely prejudices all taxing districts, which have thus far relied upon R. 8:7(e) as controlling the practice and procedure for filing Chapter 91 motions since the rule's inception in 1998. It also maintains that regardless of being viewed as an affirmative defense, it cannot be deemed waived because a Chapter 91 violation is jurisdictional.

The scheme of Part VIII does not permit the conclusion plaintiff desires. First, while it is true that Part VIII seeks to emulate, to the extent possible and applicable, Part IV, it is not a wholesale adoption. As pointed out,

> The basic scheme of Part VIII is to conform the practice and procedure of the Tax Court as nearly as practical to that applicable to all other trial courts in the State and yet to retain, insofar as possible, a high degree of expedition in the initiation, progress and determination of the matters constituting the business of the Tax Court. These rules are also designed to prescribe with particularity the practice of the Tax Court in respect of those procedural considerations unique to it. Thus, to a large extent the rules of Part IV have been incorporated by reference where appropriate, and the implicated rules of general application were also amended to include and provide for the Tax Court.
>
> [Pressler & Verniero, Current N.J. Court Rules, comment to R. 8:1 (2018 ed.) (emphasis added).]

Those "implicated rules" include rules under Part I ("Rules of General Application") specifically, R. 1:1-1, 1:1-2, 1:2-2, 1:2-4, 1:12-3, 1:30-5, 1:32-1, 1:33-1, 1:34-2, 1:35-1, 1:37-1, 1:37-3), Part

II (Rules Governing Appellate Practice), specifically, R. 2:2-3, 2:4-1, and Part IV, specifically, R. 4:1, 4:3-4 and 4:69-1. Pressler & Verniero, supra, comment to R. 8:1.

Rule 4:1, titled "Scope of Rules" similarly states that "[t]he rules in Part IV, insofar as applicable, govern the practice and procedure of civil actions in the . . . the Tax Court except as otherwise provided in . . . Part VIII." See also Pressler & Verniero, supra, comment to R. 4:1 (the general applicability of Part IV is subject to "contrary procedures . . . prescribed by . . . Part VIII").

Pleadings under Part VIII for local property tax assessment complaints are distinctly different from civil pleadings under Part IV. Specifically, while Part IV requires an answer be filed to a complaint, see R. 4:5-1, Part VIII does not so mandate. See R. 8:3-2(b). In contrast, and similar to Part IV, an answer is required for "State Tax Cases." See R. 8:3-2(c). Thus, the requirement under Part IV that a "responsive pleading" such as an answer must "set forth specifically and separately a statement of facts constituting an . . . affirmative defense," see R. 4:5-4, does not abrogate or alter the permissiveness of filing an answer under Part VIII in local property tax cases. If an answer is not required, then a deemed waiver of something required to be pled in an answer is simply not implicated.

It is true that Part VIII also provides that "[if] an answer is filed, it shall conform to the requirements of R. 4:5-3." See R. 8:3-6 (captioned "Answers"). Rule 4:5-3 however, only provides instructions as to the form of an answer, i.e., state a defense to each claim in "short and plain terms," "admit or deny the allegations," assert lack of knowledge or belief in the veracity of the allegation, admit part of an allegation, and specifically deny the "designated allegations or paragraphs." It does not require that the answer include any specific defense. This is provided for separately in R. 4:5-4.

7

Does the absence of an incorporation of R. 4:5-4 in R. 8:3-6 mean that the former is applicable under the umbrella of the general applicability of Part IV, and by such extension, require a conclusion that something not affirmatively pled should be deemed waived? In this particular scenario, i.e., involving a Chapter 91 assertion, the answer is no. This is because regardless of the general applicability of Part IV, the scheme of Part VIII is "yet to retain, insofar as possible, a high degree of expedition in the initiation, progress and determination of the matters constituting the business of the Tax Court." Pressler & Verniero, supra, comment to R. 8:1 (emphasis added). Similarly, Part VIII rules "are also designed to prescribe with particularity the practice of the Tax Court in respect of those procedural considerations unique to it." Ibid. (emphasis added).

Rule 8:7(e) is precisely one which falls outside of the scope of the general applicability of Part IV as to Chapter 91 assertions by a taxing district. First, the preface to the rule states that while motion practice "shall be governed by the applicable rules in Part I and Part IV," those rules will not apply if "otherwise provided in Part VIII." See R. 8:7(a).

Second, R. 8:7(e) describes "with particularity the practice of the Tax Court" as to the procedure by which a Chapter 91 assertion is made (by motion). It crystalized the practice which had existed as to Chapter 91 motions since 1979. The consequences for a failure to respond to a Chapter 91 request for income-producing properties has been effective since 1979 (L. 1979, c. 91, §1). Since then, the procedural mechanism for asserting a failure to comply with Chapter 91 was by motion as evidenced by precedent. See e.g. Terrace View Gardens v. Township of Dover, 5 N.J. Tax 469, 470 (Tax 1982) aff'd o.b. per curiam, 5 N.J. Tax 475 (App. Div.1983); SAIJ Realty Inc. v. Township of Kearny, 8 N.J. Tax 191, 193 (Tax 1986); Delran Holding Corp. v. Township of Delran, 8 N.J. Tax 80, 81 (Tax 1985); Southgate Realty Assocs. V. Township of Bordentown, 246 N.J. Super. 149, 150 (App. Div. 1991). These cases did not indicate any time limit as to the

motion filing, nor a requirement that the same be pled as an affirmative defense in an answer to a complaint. In 1998, R. 8:7(e) was adopted to reduce this practice into a formal procedure to be governed by the court rules because a time limit to file such motions was needed. See Township of Phillipsburg v. ME Realty, L.L.C., 26 N.J. Tax 57, 71 (Tax 2011) ("the commentary of the Supreme Court Committee" indicates that the rule "[s]ets time limitations on municipality's obligation to file [a] motion to dismiss for failure to comply with N.J.S.A. 54:4-34.") (citations and internal quotation marks omitted).

Third, R. 8:7(e) assists the expeditious resolution of cases subject to such motion, a "business of the Tax Court," by imposing short, specific time limits for filing a motion (the earlier of "180 days after the filing of the complaint," or "30 days before the trial date" unless the motion claims that the response was "a false or fraudulent account" as to which the motion can be filed at any time). In Paulison Ave. Assocs. v. City of Passaic, 18 N.J. Tax 101 (Tax 1999), the court explained the salutary purposes of R. 8:7(e). There, the taxing district, which had filed a counterclaim, filed an untimely motion to dismiss the complaint for failure to respond to a concededly valid Chapter 91 request. The court held that the rule "simply imposes on the municipality time limitations for enforcing the statute." Id. at 109. It noted that the time limit in the rule "permits early disposition of the appeal thereby enabling both parties to avoid unnecessary investments of time and expense, including the expense of appraisal reports, and enabling the court to avoid unnecessary expenditure of its time and resources." Id. at 110. The rule thus allowed for an "orderly and expeditious processing and disposition of litigation." Ibid. Additionally, without such time limits, a property owner that had failed to respond to a Chapter 91 request "has no way of knowing whether the municipality will file its motion." Id. at 109. See also Township of Phillipsburg, supra, 26 N.J. Tax at 70-72 (court rules also ascribe to a "plain language"

9

interpretation, thus, the 180-day time limit is triggered from the filing of a complaint by a taxing district, not from the time the taxpayer filed its counterclaim).

For the above reasons, the court rejects plaintiff's argument that compliance with R. 4:5-4 is a mandatory condition precedent to a taxing district's motion under R. 8:7(e).[2]  In light of this conclusion, the court finds it unnecessary to address the City's argument that a Chapter 91 violation is jurisdictional, and therefore it cannot be waived.  But see Paulison, supra, 18 N.J. Tax at 111-12 (Chapter 91 motions do not deprive the court of subject matter jurisdiction, therefore, the time limits in R. 8:7(e) do not "conflict with the general principle that objections to subject matter jurisdiction may be raised at any time").

Plaintiff claims that without notice of a possible Chapter 91 assertion by a taxing district, it is deprived of its opportunity to conduct discovery in connection with the factual allegations in a Chapter 91 motion (i.e., as to the alleged non-response or a false or fraudulent response).  This is because it must complete valuation discovery within 150 days of the filing of the complaint in standard track cases (such as the instant one), see R. 8:6-1, which leaves it only 30 days to conduct discovery as to the Chapter 91 motion.  Plaintiff claims that the 180-day period "assumes" that

---

[2] Although not necessary, in light of the above conclusion, the court is not persuaded that a Chapter 91 assertion is an affirmative defense, in that such a defense acts as a complete bar to plaintiff's claim for relief or cause of action.  As noted, a Chapter 91 motion does not "dismiss the appeal in its entirety," since a taxpayer is entitled to a reasonableness hearing.  Pressler & Verniero, supra, comment to R. 8:7(e) (citing to Ocean Pines, supra).  See also Paulison, supra, 18 N.J. Tax at 111-12 ("A failure to respond to" a Chapter 91 request "does not require a dismissal of an appeal but only a limitation on the scope of the hearing to be held before the Tax Court," thus, the court can "hear the matter, but only on a limited basis."); Township of Phillipsburg, supra, 26 N.J. Tax at 72 ("The plain language of R. 8:7(e) affords no distinction, exception, or tolling of the 180-day time period in which to move for dismissal, based upon the type of relief sought in the complaint.").  Importantly, if in a reasonableness hearing a taxpayer can prove that the assessor's data and methodology was so arbitrary and capricious that the ensuing assessment was unreasonable or aberrant, then, the taxpayer can proceed to prove what the property's value should be.  See Ocean Pines, supra, 112 N.J. at 12 (citing to Transcontinental Gas Pipe Line Corp. v. Township of Bernards, 111 N.J. 507 (1988) as an "example of an aberrant methodology that dispelled the presumption of correctness of the" assessment).  In Transcontinental, supra, the Court held that "when confronted by . . . a totally deficient valuation methodology, which provides no reliable indication that the quantum of the assessment is itself reasonable, the Tax Court is obligated to exercise its power to make an independent assessment based on the evidence before it and data properly at its disposal."  Id. at 538.

standard track discovery is complete, which will put the parties on notice what the "legal issues are." It notes that not knowing the existence of a Chapter 91 "defense" would leave it vulnerable to waste of, or misdirected expense of time, resources, and costs.

The arguments are unpersuasive. As noted in Paulison, supra, the time limits are meant precisely for an expeditious resolution of an appeal so that costs can be saved. Additionally, although Part VIII provides 150 days for completion of discovery in standard track cases, see R. 8:6-1, there is nothing to prevent the parties from requesting an extension of the discovery end-date while a Chapter 91 motion is pending, so that resources maybe devoted to discovery on the factual aspects of the motion (which is essentially whether or why a response was allegedly not provided by the plaintiff taxpayer). Nor is there any rule in Part VIII which prevents this exercise.[3]

The court therefore, will not dismiss the City's Chapter 91 motion on grounds the City failed to comply with Part IV. The City's motion fully complied with R. 8:7(e), the court rule in Part VIII that is specifically applicable to assertions of a Chapter 91 non-compliance by a taxing district, the resolution of such motion being undisputedly the "business of the Tax Court."

*(B) Chapter 91 Request Sent to the Prior Owner*

Plaintiff claims that the prior owner's alleged failure to respond to the Chapter 91 request should not be construed against plaintiff. To the contrary, precedent holds that if the predecessor did not respond to a Chapter 91 request, then the successor owner's complaints can be dismissed. See ADP of New Jersey, Inc. v. Township of Parsippany-Troy Hills, 14 N.J. Tax 372 (Tax 1994); Yeshivat v. Borough of Paramus, 26 N.J. Tax 335 (Tax 2012). See also Carriage Four Assocs. v

---

[3] Indeed here, plaintiff sought an adjournment for its initial response to the motion on grounds that it needed time to "respond," then sought another adjournment after the City filed its reply, to "respond to new evidence submitted" in the City's reply (although it included legal arguments in the "sur-reply" brief which were not "new" and which did not respond to the City's legal arguments in its reply). This court granted every adjournment request.

11

Township of Teaneck, 13 N.J. Tax 172 (Tax 1993) (a receiver is barred under Chapter 91 if a prior owner failed to comply with a Chapter 91 request). Cf. Ocean Pines, supra, 112 N.J. at 4 (non-response from the successor owner on grounds it was a "recent purchaser," which lacked possession to and of the I&E "records for the time period that preceded its purchase" merited dismissal of the complaint under Chapter 91).

The court agreed with the holdings in the above cases (although those cases decided by the Tax Court are not binding on this court) as being fully applicable here since the Chapter 91 request was sent to the prior owner, two months prior to the sale of the Subject, and six months prior to the recording of that sale (since a recorded deed usually puts an assessor on notice of new ownership). At the time the deed was recorded, the 45-day period had obviously expired. At this point, i.e., in December of 2016, re-sending another request to plaintiff as the current owner would be of no use since the assessments need to be finalized by January 10, of the current tax year. N.J.S.A. 54:4-35. It is plaintiff's responsibility, as the purchaser, to ensure not only clean title, but also the status of assessments (example, added assessment, pro-rated tax payments, sewer payments), which envisages an inquiry into any correspondence from the assessor, including a Chapter 91 request. As noted in ADP, supra, 14 N.J. Tax at 378-79, "[i]t is the obligation of a purchaser to ascertain the facts concerning the property tax and the property tax assessment on the property that it proposes to purchase and to protect itself in its agreement with the seller as to any rights that it may wish to assert with respect to the property tax." Similarly, as noted in Yeshivat, supra, 26 N.J. Tax at 347, the failure of the successor owner to exercise due diligence, and instead seek to impose "upon assessors an additional requirement to investigate the sale of properties and resend requests to the purchasers," is asking this court to impose a duty upon the assessor which is not required by the plain language of N.J.S.A. 54:4-34.

The court finds that the assessor for the City here did not violate N.J.S.A. 54:4-34 by sending the Chapter 91 request to the Subject's owner of record in June of 2016, and instead, complied in all respects with that statute.

Plaintiff maintains that the motion should be denied because facts pertinent to the motion, specifically, the prior owner's receipt, and actions as to the Chapter 91 request, as well as the income-producing status of the Subject are unknown, all of which requires discovery. Plaintiff argues the instant motion should be treated as a summary judgment motion, therefore, a denial would be warranted when there are material facts in dispute.

Plaintiff's argument is problematic. If the instant motion is to be treated as a summary judgment motion, the plaintiff has violated rules governing such motions. Rule 4:46-2(b) requires an opposition to specifically dispute the movant's duly supported factual allegations, and in compliance with R. 4:46-2(a). The latter rule requires "a citation to the portion of the motion record establishing the fact or demonstrating that it is uncontroverted . . . identify the document and . . . specify the pages and paragraphs or lines thereof or the specific portions of exhibits relied on." R. 4:46-2(a). More importantly, R. 4:46-5(a) clearly states that the non-movant "may not rest upon the mere allegations . . . but must respond" with affidavits or in compliance with R. 4:46-2(b), "setting forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered."

Yet plaintiff is doing exactly what R. 4:46-5(a) forbids, namely, seeking denial of a motion on mere suppositions. It provided not one properly supported certification or affidavit to show that there are "material fact in dispute" as to which it needs discovery. The City filed its motion September 8, 2017. It provided certifications and adequate documents to support its allegations in the motion, including the certified mail return receipt to show that the prior owner allegedly

received the Chapter 91 request.  In response, after a one-cycle adjournment, the plaintiff filed its opposition with no certifications whatsoever, then filed another reply to respond to the City's assessor's amended certification, again, with no opposing certifications whatsoever, and thereafter, filed other briefs to address its legal arguments.  The motions were argued twice, the second time on January 19, 2018.  Even at that time plaintiff did not provide any certifications from the prior owner (or from plaintiff).  During this entire period, plaintiff was never in any way hampered from seeking to obtain factual information from the prior owner.  This court certainly did not prevent plaintiff from preparing for this motion, which would include ascertaining information from the prior owner. Plaintiff also never asserted that it was unable to seek discovery from the prior owner.

Plaintiff's claim for discovery of the revaluation's firm's involvement in sending the Chapter 91 requests is rejected.  Not only is such claim belied by the credible refutation of the assessor, but the Chapter 91 request does not indicate anywhere that the request was sent from, and was to be returned to, the revaluation firm.  Cf. Tri-Martin Associates II, LLC v. City of Newark, 21 N.J. Tax 253, 257-58 (Tax 2004) (where the Chapter 91 request "was on" the revaluation company's "letterhead, with requested information to be forwarded to the same company," it violated the Chapter 91 statue which "clearly indicates that no one other than the assessor may send a request for income and expense information").  See also TMC Properties v. Borough of Wharton, 15 N.J. Tax 455, 465 (Tax 1996) ("acceptance and use" of financial information by a revaluation company "for purposes of setting" an assessment, "does not excuse or vitiate [the taxpayer's] failure to respond" timely to a Chapter 91 request).

Plaintiff's claim that it should be allowed to establish, through deposition of the assessor, that Chapter 91 request was a mere pretext aimed to dismiss complaints, is also rejected.[4] It is true that the implied purpose of a Chapter 91 request is that the I&E information is to assist an assessor in determining the assessment of the property. See N.J.S.A. 54:4-34 (in the absence of a response, or if a false one is provided, then the assessor must "value [the] property at such amount as he may, from any information in his possession or available to him, reasonably determine to be the full and fair value thereof"). See also John Hancock Mut. Life Ins. Co. v. Township of Wayne, 13 N.J. Tax 417, 422 (Tax 1993) ("purpose of N.J.S.A. 54:4-34 is to assist the assessor in making the assessment and to diminish the likelihood of litigation," therefore, "the assessor's request must be timely, so that [when received], the assessor can utilize the information by January 10," consequently, a "taxpayer must show that the information could not have been used by the assessor in completing the assessment by January 10 to defeat a [Chapter 91] motion").

However, this court does not extend the holding in John Hancock, supra, such that property owners are excused from their statutory obligation to respond to a Chapter 91 request on grounds that they are entitled to know whether or not the information that could have been, and if provided, would have been, used by the assessor in setting the assessment. Such a reading turns the statute on its head. N.J.S.A. 54:4-34 places two express burdens: one upon the property owner to respond in a timely manner; and one upon the assessor to send a written request by certified mail with a copy of the statute. There is nothing limiting, prescribing, or determining the method or means by which the assessor can or must use such information. See SKG Realty Corp. v. Township of Wall, 8 N.J. Tax 209, 211 (App. Div. 1985) ("[I]t is up to the assessor and not the taxpayer to decide

---

[4] The assessor provided a reply certification asserting that he sends Chapter 91 requests with the sole intention of using responses to set assessments on a property for which the I&E information is sought.

whether to consider the information furnished."). Indeed, requesting the information itself is discretionary.[5]

Plaintiff's argument that it should be able to explore the prior owner's receipt of, or response to the Chapter 91 request as well as of the Subject's income-producing status is not unreasonable, although should have been diligently sought prior to opposing and arguing the motion.[6] This is especially where Subject's income-producing status would be known to plaintiff, and most possibly the reason for its purchase, which was about 2½ months after the Chapter 91 request was sent, and as to which plaintiff never once asserted that since its purchase the Subject's use or occupancy changed.[7] The closing documents, which plaintiff should possess, would also reflect whether the Subject was tenanted (e.g., terms as to transfer of security deposits, tenant estoppel letters). Nonetheless, there may be a situation where the Subject, previously income-producing, ceased to be so, which while not excusing a non-response, may nonetheless defeat a Chapter 91 motion if the court is satisfied as to such status. Similarly, the prior owner's alleged receipt of, and non-response to the Chapter 91 request, could thwart granting of the instant motion. The court will permit plaintiff a 30-day period to make such inquiries solely because of the harsh consequences to plaintiff if the Chapter 91 motion were granted. Therefore, the court will stay the motion until this issue is resolved.

---

[5] Plaintiff is not prejudiced because it would be entitled to a reasonableness hearing should its complaint be dismissed, and in that context, is permitted discovery on the methods and data employed by the assessor in setting the Subject's assessment.

[6] As the City correctly points out, even if the status of the Subject was allegedly not income-producing, it does not allow for a non-response. See e.g. Alfred Conhagen, Inc. v. Borough of South Plainfield, 16 N.J. Tax 470, 472 (App. Div. 1997); Thirty Mazel, L.L.C. v. City of East Orange, 24 N.J. Tax 357, 367 (Tax 2009).

[7] The affidavit of consideration for the Subject's sale and the "screen shot" of the Monmouth County Board of Taxation's website, provided to the court by plaintiff show the Subject to be a class 4C property ("Apartments" for "use and enjoyment of five families or more," see N.J.A.C. 18:12-2.2(g), with "52 Apartments."

The court emphasizes that this concession of staying its decision in this matter is solely due to the facts here, namely, that the Chapter 91 request was sent to the prior owner, which may or may not allow for a denial of the motion. This allowance is not a <u>carte blanche</u> for attorneys as court-blessed authority to wait until after the motion has been fully briefed, argued, and heard, and then to revisit a non-response issue by submitting supplemental certifications claiming, for the first time, a non-receipt or the mailing of a response, or seek to <u>commence</u> discovery as to these facts. Rather, plaintiff (or even defendant) should seek to adjourn the Chapter 91 motion so that it can be finally and completely decided, as opposed to piecemeal litigation and will avoid unfair surprise and prejudice to the taxing district which has been led to believe that receipt of, and non-response to its Chapter 91 request is conceded, thus, it need not spend time and money to litigate that issue.

## <u>CONCLUSION</u>

For the aforementioned reasons, the City's motion will not be denied under plaintiff's "affirmative defense," or other need-for-discovery arguments, except that the motion will be stayed to allow plaintiff to procure information from the prior owner as to the Chapter 91 request at issue here (receipt; response; income-producing status). Plaintiff must file any properly supported certifications or affidavits in this aspect on March 2, 2018. The court will thereafter set dates as to the City's response, or if required, of a plenary hearing date.

Very truly yours,

Mala Sundar, J.T.C.

17